## BIG FOUR OIL & GAS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5295.

Circuit Court of Appeals, Third Circuit.

April 2, 1936.

892

Thomas J. Reilly and William J. Byrne, both of New York City (J. P. Gardner, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John G. Remey, Sp. Assts. to the Atty. Gen., and Carlton Fox, of Washington, D.C., for respondent.

Paul Armitage, of New York City, amicus curiæ.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

PER CURIAM.

The petitioner is the owner of certain oil leases upon which the Commissioner of Internal Revenue allowed depletion for the year 1928 at the rate of 27½ per cent. of income production. For the years prior to 1928 depletion allowances were ascertained upon the basis of values and reserves as of March 1, 1913, as estimated by the petitioner. That estimate was found to be too low as to three leases, to wit: The E. J. Seed, the L. M. Seed, and the Sherman Gillespie leases, and to this the petitioner accedes. The petition also admits that, if the Commissioner has authority to re-estimate the oil leases above enumerated and change the unit rate of depletion as of January 1, 1928, then the deficiency determination is correct. Hence it follows that the only question to be answered here is: Did the Commissioner have authority to re-estimate the oil reserves?

Article 230 of Regulations 74, among other things, provides that: "When the information subsequently obtained clearly shows the estimate to have been materially erroneous, it may be revised with the approval of the Commissioner." In the opinion filed by the Board of Tax Appeals, it was found that an error of 6.08 per cent. occurred in the estimate, and that this error amounted to 110,000 barrels of oil. We agree with the opinion of the Board that this is of sufficient moment to be considered materially erroneous.

It is urged by the petitioner that article 30 of Regulations 74 vests the right to revise an erroneous estimate in the owner or lessee and not in the Commissioner. We cannot follow such an interpretation. The interpretation placed upon it by the Board is: "The regulation does not specify who shall make the revised estimate, * * * it simply provides that an erroneous estimate may be revised with the approval of the Commissioner. If the latter makes the revision himself, fairly and without arbitrary caprice, it may be assumed he approves his own handiwork." We might quote more fully from the opinion of the Board, but further repetition would unnecessarily encumber the record.

We find ourselves in full accord with the entire opinion of the Board of Tax Appeals. Its decision is therefore affirmed.